Tina DIAMOS, Plaintiff,

and

**Aldon Louis Bolanos, former attorney for plaintiff Tina Diamos, Appellant,**

v.

**SPECIALIZED LOAN SERVICING, LLC, Defendant–Appellee.**

No. 16–15591

United States Court of Appeals, Ninth Circuit.

Submitted September 26, 2017 *

Filed October 3, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Aldon Louis Bolanos, Sacramento, CA, Pro Se.

Jonathan D. Fink, Magdalena D. Kozinska, Esquire, Wright, Finlay & Zak, LLP, for Defendant–Appellee.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM ***

Aldon Louis Bolanos, a former attorney who represented plaintiff Tina Diamos, appeals pro se from the district court's order imposing sanctions on Bolanos. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 859 (9th Cir. 2014) (discovery sanctions); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1218 (9th Cir. 2010) (sanctions under 28 U.S.C. § 1927). We affirm.

The district court did not abuse its discretion by sanctioning Bolanos in the amount of attorney's fees and costs associated with cancelled depositions because Bolanos scheduled the depositions for dates when he knew he would be suspended from the practice of law and failed to disclose his suspension to the district court and opposing counsel in a timely manner. *See* 28 U.S.C. § 1927 (explaining that an attorney "who so multiplies the proceedings in any case unreasonably and vexa-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"); Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."); Fed. R. Civ. P. 37(b) (authorizing sanctions for failure to comply with court order); Fed. R. Civ. P. 37(d) (authorizing sanctions for failure to appear at deposition).

The court's May 12, 2017 order to show cause (Docket Entry No. 19) is discharged.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.